**UNITED STATES of America, Appellee,**

v.

**Cleon MONTGOMERY, Appellant.**

**No. 74-1314.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1974.

Decided Sept. 25, 1974.

Certiorari Denied Jan. 27, 1975. See 95 S.Ct. 830.

Stephen Greenberg, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

Defendant Cleon Montgomery appeals his one-count conviction for knowingly and intentionally distributing a controlled substance (heroin) in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to five years imprisonment followed by a special three-year parole term under 21 U.S.C. § 841(b)(1)(A). Defendant, through appointed counsel, urges that the trial court erred in failing to direct a verdict of acquittal since his conviction was based on the uncorroborated testimony of an informant. The defendant Montgomery has filed a *pro se* brief additionally asserting *inter alia* that he was denied due process of law by late appointment of counsel.[1] We reject both claims and affirm the conviction.

According to the government evidence, on October 12, 1973, one Kenneth Ward, after making contact with Jerome H. Gershman, a special agent with the Drug Enforcement Administration, arranged to purchase heroin from the defendant at the latter's place of residence. Government agents supplied Ward with $107.00, searched him and his borrowed car, and taped a small radio transmitter to him. The agents then observed Ward entering defendant's home. Shortly thereafter Ward was observed leaving the house. After driving two persons to their destinations, Ward returned to the government agents' office where he was again searched and thirteen capsules of heroin were found. Ward testified that he purchased this heroin from the defendant Montgomery at his home for $100 on the day in question.

At the trial Ward testified concerning the events leading up to the sale. He testified that he purchased the heroin from Cleon Montgomery in the presence of Alphonso Hunter, nicknamed Ray Boy, and a girl named Pam. He likewise admitted that he was acting as an informant with the hope that he would receive favored treatment in sentencing on an unrelated felony conviction.

The government introduced into evidence a tape recording of the alleged sale transaction made by means of the transmitter secreted on Ward's person. The government agents testified that they could recognize Ward's voice on the tape. One police officer stated that he also could identify the defendant's voice. The tape recording was played to the jury. It admittedly was unclear in spots and partially unintelligible.

The defendant produced six independent witnesses who testified that they were present on October 12 at the time of Ward's purchase but that the purchase was made from a known drug pusher, one Jackie Chambers, and not the defendant Montgomery. The record shows that Jackie Chambers was murdered prior to the time of trial.

On the strength of the overall record it is urged that the informant's

---

1. The *pro se* brief also asserts that the filing of the indictment was deliberately delayed and was defective. These claims were not raised in the district court and cannot be raised here for the first time.

testimony is incredible as a matter of law and the verdict must be set aside and judgment of an acquittal entered. We disagree. There exists some corroboration of the informant's testimony, even though it is not conclusive as to the alleged sale. The rule applicable to an accomplice's testimony similarly applies to an informant. *See* United States v. House, 471 F.2d 886 (1st Cir. 1973). Federal courts have long recognized that even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. As stated by this court in Williams v. United States, 328 F.2d 256 (8th Cir.), cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964):

> An accomplice is, of course, not disqualified as a witness in federal criminal trials. Nor is his testimony by rule of law of such unsubstantiality or such infirmity on interest or character as to be insufficient as a basis to convict without corroboration. A conviction can properly rest on the uncorroborated testimony of an accomplice if it is not otherwise incredible or* unsubstantial on its face—which it was not here.

*Id.* at 259.

■ The defendant urges here that the informant's testimony is not substantial. Substantial evidence in a criminal case is that evidence by which reasonable men can be "convinced beyond a reasonable doubt that the testimony is true." *Cf.* Brickey v. United States, 123 F.2d 341, 345 (8th Cir. 1941). Our analysis of the overall record satisfies us that the conviction rests on substantial evidence. There is nothing incredible about Ward's testimony. His truthfulness was for the jury to decide. The fact that the defendant produced six witnesses who testified to the fact that another person made the sale is not slighted. However, the transcript shows the testimony of some of the witnesses to be vague and uncertain. For example, Ward testified that he made the purchase from Montgomery in the up-

stairs bedroom. Pamela King was not sure whether Ward even talked to Montgomery. She stated she was not with Ward at all times when he was in Montgomery's house and was not with them in the upstairs bedroom. Willie Brooks Haynes stated that Ward was given the heroin by Chambers at a time when Ward, Chambers, Kevan Bonam and Ray Boy were in the kitchen. According to Haynes they were the only ones in the kitchen when Ward gave Chambers the $100.00. The other witnesses place several persons in the kitchen at the time of the alleged sale by Chambers to Ward. Cleon Montgomery was allegedly not present at that time. The witnesses Bonam, King and Haynes did not hear or see Ward talk to the defendant. On the other hand, a portion of the tape recording played to the jury places Cleon Montgomery present at the time of the transaction. The tape transcript partially reads:

> Come on Cleon, you know I want to get me a little hit out of this and plus I want to make a little bit of money anyway.
>
> I ain't ready for that yet.
>
> .    .    .    .    .    .
>
> *Is it pretty good, Cleon?*
> It is dynamite (unintelligible).

Tr. at 132.

Ward's credibility was a question for the jury. The factual dispute between Ward and the defense witnesses was likewise clearly for the jury. *Cf.* United States v. May, 419 F.2d 553 (8th Cir. 1969).

■ As we understand the *pro se* brief the defendant urges that he has been denied due process by reason of the delay in the appointment of counsel. The offense was committed on October 12, 1973, and the indictment was filed on December 14, 1973. Defendant was arrested by state authorities on November 7, 1973, and was in state custody until the time of his arraignment in federal court on January 10, 1974. Com-

plaint is made that an attorney was not appointed for the defendant until January 10, 1974. If we understand defendant's complaint it is that he was indicted at a time when he was without legal representation. There is no law which requires this. Further, there has been no prejudice shown by defendant.

The judgment is affirmed.